David O. Davis v. Commissioner.
Davis v. Commissioner
Docket No. 7000.
United States Tax Court
1946 Tax Ct. Memo LEXIS 53; 5 T.C.M. (CCH) 882; T.C.M. (RIA) 46249; October 21, 1946
*53 Upon the facts, held, that the partnership conducted under the name of David O. Davis & Son was not valid for Federal income tax purposes; petitioner was properly taxed on the income from such business for the taxable year 1941. Paul E. Hutchinson, Esq., 747 Union Trust Bldg., Pittsburgh, Pa., for the petitioner. Stanley L. Drexler, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves a deficiency of $11,429.83 for the calendar year 1941. The only issue involved is whether the business carried on under the name of David O. Davis & Son was a valid partnership for Federal income tax purposes. The case was submitted upon a stipulation of facts, oral testimony and exhibits. The facts stipulated are so found. Other facts are found from the record. Findings of Fact Petitioner is an individual who, during the period in question, was a resident of Dravosburg, Allegheny County, Pennsylvania. His income tax return for the year 1941 was filed with the collector of internal revenue for the 23rd district of Pennsylvania, at Pittsburgh, Pennsylvania. Petitioner had been engaged in underground coal mining since *54 1921. The company with which he was associated failed and he became the owner of one-half the Cardis Coal Company, a corporation. This latter company principally engaged in deep mining but it also did some strip mining. About August 1939 it discontinued operations. Petitioner's son, Robert, then 18, had spent the last school year at M.I.T. and had worked during the summer at the Cardis Coal Company until its dissolution. Robert had determined against continuing his engineering course at M.I.T. At the suggestion of his father, the son assisted the former in establishing the strip coal mining business conducted in the name of the petitioner until the formation of the father and son partnership upon the son's attaining his majority on August 31, 1941. The son was paid no compensation for the services he performed prior to the formation of the partnership. The son lived at home and petitioner paid all expenses. The net worth of petitioner's strip mining business on August 31, 1941, when the partnership was formed, was $20,184.40. All its assets were assigned and transferred over to the partnership. Pursuant to the Pennsylvania Fictitious Names Act, the partnership name of David O. Davis *55 & Son was registered in the Prothonotary's Office of Allegheny County. The partnership adopted appropriate stationery and billheads. The existing bank accounts were changed over into the partnership name and the funds therein were made subject to withdrawals upon the signature of either partner. Under the partnership agreement, petitioner was to have charge of the management and direction of the partnership affairs. The agreement also provided that "The parties hereto shall devote their entire time to the conduct of the business, unless by mutual consent one of the parties may temporarily engage in another activity or business." The net income of the partnership was to be distributable equally. Prior to the execution of the formal partnership agreement, the son, with the knowledge and consent of petitioner, decided to, and did, enter St. John's College to pursue a general academic course. He returned home at the Christmas holidays in 1941 and again at the Easter holidays in 1942. During these holiday seasons he worked with his father. At the close of the school year in June, Robert assisted in the strip mining business. Among other things, he investigated certain land of the Keystone *56 Coal Company and recommended its purchase. He also attended to all the details of the purchase. In September 1942, Robert resumed his studies at St. John's College until he went into the army in November of that year. Prior to the formation of the partnership, petitioner consulted with his nephew, Edward B. Ashman, a certified public accountant. Discussed, among other things, was the fact that there might be a substantial tax savings by operating the business as a partnership rather than as a sole proprietorship. At the Christmas holiday in 1941, petitioner and his son, Robert, conferred with the accountants, who recommended a fiscal year commencing September 1 should be adopted. This recommendation was accepted. Robert's capital account was opened September 1, 1941 on the books of the partnership by a credit of $10,092.20, representing one-half the net worth of petitioner's business as of that date. Petitioner filed a gift tax return for 1941 disclosing a gift to his son of property having a value in that amount. Robert had no funds or property of his own at that time and neither party made additional contribution of capital during the taxable period involved. During the period *57 September 1, 1941 to August 31, 1942, Robert drew $2,129, while petitioner drew $12,147.62. During the period September 1, 1942 to August 31, 1943, Robert drew $3,938.98 and petitioner drew $20,267.47 from the business. In April 1942, the partnership agreement was changed to provide that in the event of Robert's death, his father would succeed to his interest in the business. Before entering the army he executed a will making his father the beneficiary of his interest in the business. In determining the deficiency, the respondent increased petitioner's income for the calendar year 1941 by adding thereto the income earned by David O. Davis & Son during the quarter ending December 31, 1941, denying the existence of a partnership for income tax purposes. Opinion The respondent challenges the bona fides of this father and son partnership for Federal income tax purposes. We agree with petitioner that it is not to be condemned per se because it is a family partnership. The issue is one of fact. The bona fides is to be determined in each particular case upon its own special facts and surrounding circumstances. In , and the companion *58 case of , the Supreme Court has set forth certain guiding principles as an aid in reaching a true factual determination. The respondent having determined the partnership, doing business under the name of David O. Davis & Son, was not to be recognized for Federal income tax purposes, it was the petitioner's burden to satisfy us there existed in its formation and operation a true partnership. This, we think, has not been done. When petitioner embarked, in 1939, in the strip coal mining business, he had been engaged in the business of deep coal mining since 1921. Under the articles of partnership with his son, petitioner retained charge of the management or control of the partnership affairs. The success of the business undoubtedly depended upon the experience and management of petitioner. The record shows that petitioner's original investment was only about $2,000, indicating that capital investment was not the important factor in producing the income. Moreover, Robert, the son, contributed no capital of his own. Petitioner was also well aware that the son could render no considerable vital services except incidentally and occasionally *59 at vacation intermissions from his college studies. No contribution to capital originating with the son and no substantial contribution of vital services have been shown. Thus two essential elements which the Supreme Court in the Tower case, supra, held would evidence the fact that the parties intended to carry on a true partnership are not present. Petitioner argues that a distinction should be made between a partnership composed of a father and his adult son, such as is here involved, and one between husband and wife, or father and minor children. We think such a distinction is one of degree only. Cf. . Upon consideration of all the surrounding facts and circumstances established by this record, we sustain the respondent's action in taxing the income from the business conducted under the name of David O. Davis & Son for the taxable year 1941 to the petitioner. Decision will be entered for the respondent.